Francis X. Conlon, J.
Upon the foregoing papers and the hearing and proceedings had herein, the relator appearing in person, this writ is dismissed.
The prisoner had served 244 days prior to the disposition of the charges against him, 596 days in the correctional institution after two sentences which were to run concurrently were imposed, and contends now that he has been credited with additional marks equivalent to a reduction of 10 days per month in sentence as further incentive for good conduct. In all, he argues he has served 840 days and, with the marks, in excess of the three-year sentence.
The application for parole had been denied after an eligibility date had been set by the New York City Parole Commission and same, pursuant to the Correction Law, had been approved by the sentencing Judge.
It is the relator’s contention, further, that the approval of the committing Judge must be obtained also when sentence is increased as well as when it is reduced.
Section 204 (subd. [a], par. [2]) of the Correction Law provides that the Parole Commission “shall have power to * * * Parole, conditionally release, discharge, retake on reimprison any inmate of any penitentiary * * * provided *356 the [committing] judge * * * shall upon recommendation of the parole commission approve in writing such parole, conditional release or discharge of such inmate Subdivision (b) provides: “ The Parole Commission shall have power to make all necessary rules and regulations * # * prescribing the conditions under which eligibility for parole may be determined and under which inmates may be paroled, conditionally released, discharged, retaken and reimprisoned ”.
In the Matter of People ex rel. Kohleff v. McGee (256 App. Div. 792) the court held that sentence to New York City Penitentiary is for three years, subject to the City Parole Commission’s power to parole, conditionally release or discharge prisoner before expiration of such time with written concurrence of the sentencing Judge or any successor, and one sentenced thereto may be detained for the entire period at the commission’s discretion. That case also held that the New York City Parole Commission letter informing the Judge who sentenced the convict to the City Penitentiary that application for parole might be considered after 33 months and convict credited with additional marks equivalent to reduction of five days per month in sentence as further incentive for good behavior, did not bind the commission to release prisoner after 33 months or award him diminution of five days per month in sentence.
In the case before the court, the prisoner’s application for parole is subject to the discretion of the Parole Commission and does not bind the commission to release the prisoner before the expiration of his sentence. The Correction Law provides that the approval of the sentencing court is required only when the inmate is to be paroled, conditionally released, discharged, retaken and reimprisoned, not if his credits are to be disregarded or good time taken away. The maximum sentence is an indeterminate sentence for three years in the penitentiary, and the prisoner has not as yet served that time. Writ is dismissed.